UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MIGUEL ZEPEDA,<br><br>     Plaintiff,<br><br>     v.<br><br>OFFICER ROTON, et al.,<br><br>     Defendants. | Case No. 2:25-cv-02439-TLN-CSK<br><br>FINDINGS AND RECOMMENDATIONS ON DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT AND SUA SPONTE DISMISSAL FOR FAILURE TO PROSECUTE<br><br>(ECF No. 5) |

Plaintiff Ruben Miguel Zepeda, proceeding without the aid of counsel, filed this action in Stanislaus County Superior Court on June 12, 2025.[1] Compl. (ECF No. 1 at 4-9). On August 25, 2025, Defendants Officer Roton and City of Turlock, erroneously sued as the Turlock Police Department, removed this action to this Court. Removal (ECF No. 1). On September 2, 2025, Defendants filed the pending motion for a more definite statement pursuant to Federal Rules of Civil Procedure 12(e) and noticed it for a hearing for October 14, 2025 before the undersigned. Defs. Mot. (ECF No. 5). Plaintiff's opposition or statement of non-opposition to Defendants' motion was due September 16, 2025. *See* E.D. Cal. Local Rule 230(c). Plaintiff did not respond. *See* Docket. On September 24, 2025, after Plaintiff's deadline to file an opposition or statement of non-

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

opposition to Defendants' motion passed, the Court ordered Plaintiff to show cause by October 1, 2025 why the Court should not construe Plaintiff's failure to file a timely opposition as a non-opposition to Defendants' motion and why this case should not be dismissed for failure to prosecute. 9/24/2025 Order (ECF No. 6) (citing E.D. Cal. Local Rule 110; Fed. R. Civ. P. 41(b)). The Court also vacated the October 14, 2025 hearing on Defendants' motion. *Id*. Plaintiff did not respond. See Docket. On October 7, 2025, Defendants filed a notice that no written response by Plaintiff was received as to their motion. *See* ECF No. 7. For the reasons that follow, the Court recommends this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Defendants' motion for a more definite statement (ECF No. 5) be DENIED as moot.

I.     **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

   (1) the public's interest in expeditious resolution of litigation;
   (2) the court's need to manage its docket;

   (3) the risk of prejudice to the defendant(s);
   (4) the availability of less drastic alternatives; and
   (5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

## II. DISCUSSION

  Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward by failing to file an opposition or statement of non-opposition to the motion for a more definite statement. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendants is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

  As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, Plaintiff previously missed the deadline to file an opposition or statement of non-opposition to Defendants' motion and was given an opportunity to explain this failure. 9/24/2025 Order. Despite this, Plaintiff has failed to respond to the Court's September 24, 2025 order, respond to the motion for a more definite statement, or participate in this litigation, leaving the Court with little alternative but to recommend dismissal.

  Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

  Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action be DISMISSED;
2. Defendant's motion for more definite statement (ECF No. 5) be DENIED as moot; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  October 14, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, zepe2439.25