UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN MIGUEL ZEPEDA,

Plaintiff,

v.

OFFICER GREGORY ROTON, individually; OFFICER A. AZIZ, individually; DOE 1, individually; and CITY OF TURLOCK,

Defendants.

Case No. 2:25-cv-02439-TLN-CSK (PS)

ORDER AND FINDINGS AND RECOMMENDATIONS

(ECF No. 21)

Plaintiff Ruben Miguel Zepeda is proceeding in this action pro se.[1] Pending before the Court is Defendants Officer Gregory Roton, Officer A. Aziz, and City of Turlock's motion to strike pursuant to Federal Rule of Civil Procedure 15(a)(2) and motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 21.) On December 30, 2025, the Court vacated the hearing scheduled for January 27, 2026 on Defendants' motion. 12/30/2025 Minute Order (ECF No. 25). Briefing is now complete. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file. For the reasons that follow, the Court RECOMMENDS GRANTING Defendants'

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

motion to dismiss Plaintiff's First Amended Complaint (ECF No. 33) with leave for Plaintiff to amend.

## I.    BACKGROUND

### A.    Factual Allegations[2]

Plaintiff alleges that on or about December 6, 2024, at around 7:30 a.m., Defendant Roton, Defendant Aziz, and an unidentified Doe Officer initiated an arrest of Plaintiff while Plaintiff was present near North Broadway and Chestnut Street. FAC ¶ 14 (ECF No. 33). Plaintiff alleges that as he stepped toward a street curb, he tripped, whereupon Defendant Aziz tackled Plaintiff. *Id.* ¶ 15. Plaintiff alleges that around the same time, the Doe Officer "nearly struck Plaintiff with his bike." *Id.* ¶ 16. Plaintiff further alleges that while he "was down and controlled, Officer Gregory Roton ran in and punched Plaintiff in the face with a closed fist, contacting an upper tooth and causing immediate dental/jaw pain." *Id.* ¶ 17. Plaintiff alleges he "repeatedly complained of tooth/jaw pain" as he was being pinned to the ground and handcuffed. *Id.* ¶ 18. Plaintiff alleges that despite his complaints, "on-scene officers did not summon medical care before booking" and that "the impacted tooth later fell out and required extraction after delay." *Id.* ¶ 19.

The FAC alleges three causes of action for violation of Plaintiff's federal civil rights under 42 U.S.C. § 1983:  (1) excessive force in violation of the Fourth Amendment; (2) failure to intervene; and (3) denial of medical care in violation of the Fourteenth Amendment. *Id.* ¶¶ 21-31. The FAC alleges five additional causes of action under California law:  (4) battery; (5) assault; (6) interference with Plaintiff's civil rights under the California Bane Act; (7) negligence, and (8) failure to provide medical care in violation of California Government Code section 845.6. *Id.* ¶¶ 32-42. Plaintiff seeks

---

[2]   These facts primarily derive from Plaintiff's First Amended Complaint (ECF No. 33), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).0

monetary damages, including punitive damages against the individual officer defendants. *Id.* ¶ 44.

### B.   Procedural Posture

On June 12, 2025, Plaintiff filed this action in Stanislaus County Superior Court. (ECF No. 1 at 5.) On August 25, 2025, Defendants removed the action to the Eastern District of California. (*See id.* at 1-2.)

On September 2, 2025, Defendants filed a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 5.) On October 14, 2025, the Court recommended that the action be dismissed based on Plaintiff's failure to prosecute the action. 10/14/2025 Findings and Recommendations (ECF No. 8). That same day, Plaintiff filed a request to extend the deadline to file his opposition to Defendants' motion, and a motion to proceed in forma pauperis. (ECF Nos. 9, 10.) The Court vacated its October 14, 2025 Findings and Recommendations, granted Plaintiff's request for an extension, and denied the motion to proceed in forma pauperis as moot. 10/29/2025 Order (ECF No. 12).

On November 14, 2025, Plaintiff filed a First Amended Complaint, which was not signed by Plaintiff. (ECF No. 13.) Plaintiff then filed a second "First Amended Complaint" on December 1, 2025, also unsigned, but with an attached, signed declaration by Plaintiff. (ECF No. 15.) On December 2, 2025, Defendants filed a motion to dismiss the November 14, 2025 First Amended Complaint. (ECF No. 14.) Defendants filed a second motion to dismiss the December 1, 2025 First Amended Complaint on December 17, 2025. (ECF No. 21.) Plaintiff filed an opposition to Defendants' motion to dismiss on December 23, 2025. (ECF No. 24.) Defendants filed their reply on January 6, 2026. (ECF No. 26.)

On December 30, 2025, the Court denied Defendants' motion for more definite statement and the December 2, 2025 motion to dismiss as moot, and the Court vacated both hearing dates for the two motions to dismiss. 12/30/2025 Minute Order (ECF No. 25). The Court further noted that Plaintiff had filed the two First Amended Complaints

3

without leave of court. *Id.* The Court accepted the December 1, 2025 First Amended Complaint as the operative pleading in this case, but because the pleading itself was not signed, the Court ordered Plaintiff to re-file the December 1, 2025 First Amended Complaint with a physical signature. *Id.* Plaintiff filed a signed version of the December 1, 2025 First Amended Complaint on February 10, 2026. FAC (ECF No. 33). The same day, Plaintiff also filed a request for judicial notice. (ECF No. 32.)

## II.    LEGAL STANDARDS

### A.    Rule 8, Pro Se Pleadings, Construction and Amendment

Notice pleading in federal court requires that the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." The complaint must clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Each allegation must be simple, concise, and direct. *Id.* Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.* at 1179. "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id.*

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants

4

which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must inform a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

**B.     Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

/ / /

## C.    Judicial Notice

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. California Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents); *Gamboa v. Tr. Corps.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

## III.    DISCUSSION[3]

### A.    Requests for Judicial Notice

Both Plaintiff and Defendants submit requests for judicial notice in support of their briefing on Defendants' motion to dismiss.

First, Defendants request that the Court take judicial notice of (1) Plaintiff's original state-court complaint filed on June 12, 2025, and (2) a criminal complaint against Plaintiff filed on December 9, 2024, and a minute order dated March 7, 2025 indicating that Plaintiff pleaded nolo contendere to the charges in the criminal complaint, namely, felony unauthorized use of a vehicle, felony receipt of a stolen vehicle, and

---

[3]  In Defendants' motion, Defendants move to strike the FAC as procedurally improper. Defs. Mot. at 2 (ECF No. 21-1). The Court has already addressed this issue, and ruled that despite Plaintiff not receiving leave of Court to file a FAC, the Court will accept the FAC filed on 12/01/2025 as the operative pleading in this case. 12/30/2025 Minute Order (ECF No. 25.) This issue is therefore moot, and the Court notes that Defendants were not prejudiced where they were able to respond to the FAC. In addition, Defendants have not contended that they are prejudiced by any delay in Plaintiff's re-filing of the December 1, 2025 First Amended Complaint to correct his missing signature.

6

misdemeanor resisting, delaying, or obstructing a public officer, peace officer, or emergency medical technician. (ECF No. 21-2.) As to the state-court complaint, Defendants' request is moot because the state-court complaint is already part of the record before this Court where Plaintiff attached it to his complaint. (*See* ECF No. 1 at 5-9); *see also, e.g.*, *Moreno v. Zuckerman Fam. Farms, Inc.*, 2026 WL 323088, at *4 (E.D. Cal. Feb. 6, 2026) ("Since the [complaint] is already on record as part of Defendants' notice of removal, the Court denies Defendants' request for judicial notice as moot.").

As to the criminal complaint and minute order, Defendants have failed to establish the relevance of these documents to the resolution of the issues before the Court. *See* Fed. R. Evid. 401(b); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) (denying judicial notice of information in press releases and publicly available news articles because it was irrelevant for purposes of the motion to dismiss). Thus, the Court DENIES Defendants' request for judicial notice as to both items.

Plaintiff requests that the Court take judicial notice of Plaintiff's "written Government Claim to the City of Turlock, relating to the December 6, 2024 incident at issue in this case, which was received by the City Clerk of the City of Turlock on January 6, 2025." (ECF No. 32 at 1.) However, the claim form is not attached to the request for judicial notice. "The party requesting judicial notice should also supply the court with the source material needed to determine whether the request is justified." *Howerton v. Earthgrains Baking Companies Inc.*, 2015 WL 3657748, at *2 (E.D. Cal. June 11, 2015). Because Plaintiff failed to attach the claim form, the Court DENIES Plaintiff's request for judicial notice.

### B.    Defendants' Motion to Dismiss

Defendants move to dismiss the FAC as a shotgun pleading and for failure to state a claim. *See* Defs. Mot. Plaintiff in opposition argues that the FAC provides fair notice of Plaintiff's claims and sufficiently states facts supporting a "plausible" claim for relief. *See* Pl. Opp'n. (ECF No. 24). The Court addresses each of Defendants'

7

arguments in turn.

1.   Federal Rule of Civil Procedure 8

Defendants argue that the FAC should be dismissed because it constitutes a shotgun pleading. Defs. Mot. at 6-7. Defendants contend "the FAC is conclusory and vague as phrased" and "relies heavily on facts realleged in prior paragraphs without identifying specific facts supporting the particular claim." *Id.* at 7. Plaintiff contends that the FAC provides a short and plain statement of Plaintiff's claims. Pl. Opp'n at 5.

The Court finds that, independent of whether the FAC fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), the FAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry*, 84 F.3d at 1177.

Here, in its current form, the FAC fails to provide Defendants with fair notice of the grounds on which each claim rests because it lacks sufficient particularity. First, the FAC repeatedly neglects to allege the specific wrongful actions that each Defendant took. *See* FAC ¶¶ 18 ("officers pulled [Plaintiff's arm] back"), 19 ("on-scene officers did not summon medical care . . ."), 31 ("Defendants failed to promptly summon care . . ."), 37 ("Defendants . . . interfered with Plaintiff's clearly established rights . . ."), 40 ("Defendants owed duties of reasonable care"), 42 ("Officers knew or had reason to know Plaintiff needed immediate medical care . . . and failed to take reasonable action . . ."). Further, each of Plaintiff's causes of action incorporates all preceding allegations in the FAC, which is indicative of an improper "shotgun pleading." *See Gibson v. City of*

*Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026) (shotgun pleading occurs where party "incorporate[es] all facts or defenses from all previous counts into each successive count . . . prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult") (quoting 5A Wright & Miller's Federal Practice and Procedure § 1326 (4th ed. 2024)). "It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson*, 165 F.4th at 1289. Therefore, because the FAC states vague allegations and incorporates all prior allegations into each of Plaintiff's subsequent counts, the Court exercises its discretion to dismiss the FAC with leave to amend in compliance with Rule 8. *See id.* Nonetheless, in light of Plaintiff's pro se status and in the interest of resolving as many deficiencies as possible in one round of amendment, the Court proceeds to evaluate whether the FAC's claims are properly pleaded pursuant to Rule 12(b)(6).

2. Section 1983 Claims

Plaintiff's FAC alleges three causes of actions under 42 U.S.C. § 1983. First, Plaintiff brings claims for excessive force in violation of his Fourth Amendment rights against Defendant Roton, Defendant Aziz, and the Doe Officer. FAC ¶¶ 21-25. Second, Plaintiff brings claims for failure to intervene against Defendant Aziz and the Doe Officer. *Id.* ¶¶ 26-28. Third, Plaintiff brings claims for denial of medical care against Defendant Roton, Defendant Aziz, and the Doe Officer. *Id.* ¶¶ 29-31. Defendants argue Plaintiff's Section 1983 claims for excessive force are barred by qualified immunity. Defs. Mot. at 7. Defendants also argue that each of Plaintiff's Section 1983 claims fail to state a claim. *Id.* at 7-9.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S.

9

266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable Section 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, a plaintiff may not sue a supervisory official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

### a.      Excessive Force

Plaintiff alleges that Defendant Roton's closed-fist punch to Plaintiff's face, Defendant Aziz's tackle, and the Doe Officer's bicycle maneuver each constituted excessive force in violation of the Fourth Amendment. FAC ¶¶ 21-25. Defendants argue that Plaintiff fails to allege that the officers' use of force was objectively unreasonable where, according to the original complaint, Plaintiff alleged that he was running from the arresting officers. Defs. Mot. at 8. This argument fails as the Court's review of whether the FAC states an excessive force claim is limited to the FAC, not the original complaint.

Defendants also argue the officers' actions are protected under qualified immunity. *Id.* at 7. Plaintiff responds that Defendant Roton's punch was not objectively reasonable because it occurred after he was in a controlled position, and Plaintiff disputes whether qualified immunity is appropriate to decide at this stage. Pl. Opp'n at 5-6. On reply, Defendants argue that Plaintiff's allegations lack factual context demonstrating the officers' actions were unreasonable. Def. Reply at 5.

The Supreme Court of the United States has determined that the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been

10

convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, "claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' . . . are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Id.*; *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir.1994) ("[T]he use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures.").

As to Defendant Roton, Plaintiff has stated an excessive force claim where the FAC alleges that Officer Roton struck Plaintiff with a closed fist "[w]hile Plaintiff was down and controlled." FAC ¶ 17. "Although not considered lethal, punching and kicking, are still significant uses of force and may be unreasonable depending on the circumstances." *Osaki v. City of San Bernardino*, 2020 WL 5778131, at *10 (C.D. Cal. Sept. 4, 2020) (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 480 (9th Cir. 2007)), *report and recommendation adopted*, 2020 WL 5764397 (C.D. Cal. Sept. 25, 2020). The Ninth Circuit has held that when the complaint alleges facts indicating the plaintiff was not fleeing and could not resist law-enforcement officers, subsequent continued use of force may be unreasonable. *Hyde v. City of Willcox*, 23 F.4th 863, 871 (9th Cir. 2022) (holding that plaintiff alleged law-enforcement officers used excessive force where plaintiff alleged he "had his hands handcuffed behind his back and his legs shackled" and, two minutes later, officer used taser on plaintiff's thigh and forced plaintiff's head into restraint hold).

As to Defendant Aziz, the Court finds that Plaintiff fails to state an excessive force claim because the FAC does not indicate whether Plaintiff was resisting arrest when Defendant Aziz moved to arrest Plaintiff and the FAC's allegations imply Plaintiff stepped away from Officer Aziz. *See* FAC ¶ 15; *Gonzales v. City of San Jose*, 2020 WL 3186282, at *4 (N.D. Cal. June 15, 2020) (holding that plaintiff failed to state claim for excessive force where plaintiff conceded he attempted to evade arrest by biking in opposite direction from officers).

As to the Doe Officer, the Court also finds that Plaintiff fails to state an excessive force claim because the FAC fails to state particular facts to establish that the Doe Officer actually and intentionally hit Plaintiff with his or her bicycle or otherwise used the bicycle as a means of force when Plaintiff was not resisting arrest. "If no force was used, there can be no claim for excessive force." *Dentoni v. Sierra Cnty.*, 2026 WL 219007, at *3 (E.D. Cal. Jan. 28, 2026) (holding that plaintiffs failed to state claim for excessive force by alleging defendants used "intimidating body language"); *see also Gonzales*, 2020 WL 3186282, at *4 (holding that plaintiff failed to state claim because "[t]he complaint is not clear enough about the force used by the patrol vehicle that stopped Gonzales," i.e., whether the vehicle was used as a barricade or an impact weapon).

### b.   Failure to Intervene

Plaintiff alleges that Defendant Aziz and the Doe Officer are liable for failing to prevent Defendant Roton's punch. FAC ¶ 28. Defendants argue this claim fails because Plaintiff does not allege facts suggesting that Defendant Aziz was aware of any excessive force exercised by Defendant Roton or that Defendant Aziz had the reasonable opportunity to prevent it. Defs. Mot. at 8. The Court agrees.

"Pursuant to a long line of civil cases, police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 (9th Cir.1994), *rev'd on other grounds*, 518 U.S. 81 (1996); *see also Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham*, 229 F.3d at 1289. "Where events unfold rapidly and come without warning, there is no realistic opportunity to intercede, and thus no failure to intervene." *Sanchez v. City of Atherton*, 2023 WL 5599612, at *7 (N.D. Cal. Aug. 29, 2023) (citing *Hughes v. Rodriguez*, 31 F.4th 1211, 1223 (9th Cir. 2022)). Thus, at the pleadings stage, the plaintiff must allege that an officer had a reasonable opportunity to intercede. *See Johnson v. Frauenheim*, 2021 WL 5236498, at *9 (E.D. Cal. Nov. 10, 2021) (holding plaintiff failed to plead failure to intervene claim where

12

plaintiff failed to allege that each defendant was present during the use of force, could see the use of force, and had a realistic opportunity to intervene), *report and recommendation adopted*, 2021 WL 5982293 (E.D. Cal. Dec. 17, 2021).

Here, the FAC fails to state a failure to intervene claim under Section 1983. The FAC alleges that Defendant Aziz and the Doe Officer "were positioned to prevent or halt Roton's punch/continuing force and failed to act, causing harm." FAC ¶ 28. Plaintiff does not allege any other supporting facts. To the contrary, the FAC appears to allege that the punch occurred simultaneously with Defendant Aziz's tackling arrest and the Doe Officer's bicycle maneuver, meaning neither were positioned to stop Defendant Roton's punch. *Id.* ¶¶ 15-16. Thus, the FAC fails to state a failure to intervene claim. *See Johnson*, 2021 WL 5236498, at *9 ("Plaintiff alleges that some or all of these Defendants were engaging in acts excessive force at that time, and therefore were not failing to intervene."). In addition, the FAC does not contain any other allegations that specify an individual officer defendant who failed to intervene. *See Hansen*, 885 F.2d at 645; *Johnson*, 588 F.2d at 743-44.

### c.   Medical Care

Plaintiff's third cause of action under Section 1983 alleges that Defendants failed to provide medical care in response to Plaintiff's "obvious dental trauma and pain, causing avoidable suffering and tooth loss." FAC ¶ 31. This claim is styled as a claim under the Fourteenth Amendment for "Denial of Pre-Booking Medical Care." *Id.* at 6. Defendants argue that Plaintiff fails to allege sufficient facts to establish a Fourteenth Amendment violation because the FAC contains no allegations that Defendants intentionally decided to deny medical care or that such a decision placed Plaintiff at substantial risk of suffering serious harm. Defs. Mot. at 9. Plaintiff responds that "[a]llegations that officers ignored visible injury and complaints sufficiently plead a constitutional violation at this stage." Pl. Opp'n at 7.

Though the FAC styles the claim as arising under the Fourteenth Amendment, "[c]laims alleging inadequate medical care during and immediately following an arrest

are to be analyzed under the Fourth Amendment." *Allen v. Summit*, 2024 WL 2258383, at *6 (E.D. Cal. May 17, 2024) (quoting *Espinoza v. California Highway Patrol*, 2016 WL 4943960, at *3 (E.D. Cal. Sept. 16, 2016)). "The Ninth Circuit has concluded . . . that the Fourth Amendment requires an arrestee to receive objectively reasonable care," i.e., that "police officers [must] seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Wallace v. Acosta*, 2021 WL 4445292, at *4, *5 (E.D. Cal. Sept. 28, 2021) (quoting *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006)).

Here, the FAC fails to state a claim for Section 1983 inadequate medical care because the FAC does not identify individual Defendants who were aware of and deliberately ignored Plaintiff's medical needs. As the Court has already stated, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey*, 673 F.2d at 268. The FAC does not contain specific allegations against an individual officer defendant showing their connection or involvement in the alleged inadequate medical care. *See Hansen*, 885 F.2d at 645; *Johnson*, 588 F.2d at 743-44; *Cheslik v. Madera Cnty. Sheriff's Dep't*, 2025 WL 974082, at *10 (E.D. Cal. Mar. 31, 2025) (holding that plaintiff failed to state Fourth Amendment delay in providing medical care claim where plaintiff "fails to allege specific facts describing any observable symptoms he exhibited to allow the Court to infer the seriousness of his medical need"); *Wallace*, 2021 WL 4445292, at *5 (holding that plaintiff failed to state Fourth Amendment medical care claim because plaintiff failed to describe when and to whom he requested medical care and their response); *Bergman v. Cnty. of Kern*, 2015 WL 6704145, at *6 (E.D. Cal. Nov. 2, 2015) (dismissing plaintiff's claim for inadequate medical care under Fourteenth Amendment because plaintiff failed to allege he requested medical care to officers who then knowingly denied treatment).

d.    Qualified Immunity

Defendants move for qualified immunity as to Plaintiff's first Section 1983 cause

of action on the grounds that the FAC fails to establish an excessive force claim in violation of the Fourth Amendment and that the FAC does not allege that the defendant officers' conduct violated a clearly established right. Defs. Mot. at 7-8. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As described above, the Court finds that Plaintiff has stated an excessive force claim against Officer Roton. The Court declines to rule on the issue of qualified immunity at this pleading stage. *See Gomez v. Cnty. of Los Angeles*, 2023 WL 3431279, at *3 (C.D. Cal. Mar. 17, 2023) (same).

### 3.   State-Law Claims

Plaintiff asserts the following state-law claims: (1) battery against Defendants Roton, Aziz, and the City; (2) assault against Defendant Roton, the Doe Officer, and the City; (3) violation of the California Bane Act, Cal. Civ. Code § 52.1, against all Defendants; (4) negligence against all Defendants; and (5) violation of California Government Code § 845.6 against the City and "responsible employees" for failing to summon immediate medical care. FAC ¶¶ 32-42. Plaintiff alleges that the City is vicariously liable for the officer defendants' battery, assault, violation of the Bane Act, and negligence, and directly liable under the section 845.6 claim. *Id.*

Defendants argue that Plaintiff's state-law claims are barred by the Government Claims Act. Defs. Mot. at 9-10. Defendants also argue that the FAC fails to state a claim as to all five claims. *Id.* at 10-13. The Court first addresses the threshold issue of whether Plaintiff's state-law claims are barred by the Government Claims Act.

### a.   Government Claims Act

Defendants contend that Plaintiff's state-law claims against all defendants are barred because Plaintiff fails to allege compliance with the claims-presentation procedures of the Government Claims Act. Defs. Mot. at 9-10. Plaintiff argues that if

dismissal is warranted on this ground, dismissal should be with leave to amend "to clarify compliance, equitable estoppel, or other applicable doctrines." Pl. Opp'n at 8. Plaintiff also requests that the Court take judicial notice of his claim form submitted to the City, presumably to support an argument that he has satisfied the claims-presentation requirements under the Act, although Plaintiff did not raise this argument in opposition.[4] (ECF No. 32.)

Under the California Government Claims Act,[5] set forth in California Government Code §§ 810 *et seq.*, a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("Board"), and the Board acted on the claim, or the time for doing so expired. Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court* (*Bodde*), 32 Cal. 4th 1234, 1244 (2004). Thus, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pleaded in the complaint. *Id.* at 1237, 1240; *see also Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d. 1470, 1477 (9th Cir. 1995). The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much. *Shirk v. Vista Unified School Dist.*, 42 Cal. 4th 201, 209 (2007). Such requirements also apply to state-law claims included in a federal action under Section 1983. *See Volis v. Housing Auth. of the City of L.A. Emps.*, 670 F. App'x 543, 544 (9th Cir. 2016); *Davis v. Allison*, 2023 WL 6796753, at *5 (E.D. Cal. Oct. 13, 2023) (compliance required before suing a state entity or its officers) (citing collected cases),

---

[4]  In Plaintiff's declaration attached to his request for judicial notice, Plaintiff states that he had misplaced his copy of his submitted claim when he had filed his pleadings. (ECF No. 32 at 3.)

[5]  *See Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1124 (9th Cir. 2013) ("Consistent with the California Supreme Court, we 'adopt the practice of referring to the claims statutes as the Government Claims Act, to avoid the confusion engendered by the informal short title Tort Claims Act.'") (quoting *City of Stockton v. Superior Court*, 42 Cal. 4th 730 (2007)).

16

*report and recommendation adopted*, 2023 WL 8789296 (E.D. Cal. Dec. 19, 2023). "The fact that a public entity already had notice of potential claims does not excuse a plaintiff's failure to submit the required claim." *Est. of McDaniel v. Cnty. of Kern*, 2015 WL 7282881, at *3 (E.D. Cal. Nov. 18, 2015); *accord City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007).

To be timely, a claim must be presented to the Board "not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Gov't Code, § 945.6, subd. (a)(1). Federal courts must require compliance with the California Government Claims Act for pendent state-law claims that seek damages against state employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969); *Mangold*, 67 F.3d at 1477. State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were presented in compliance with the applicable exhaustion requirements. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988); *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Here, the FAC expressly concedes non-compliance with the Government Claims Act. FAC ¶ 13 ("Plaintiff is informed and believes that no formal written claim was presented under Gov. Code §§ 910 et seq. within six months of the incident."). Thus, because Plaintiff has not pleaded compliance with the Government Claims Act, all of Plaintiff's state-law claims must be dismissed. *See Est. of McDaniel*, 2015 WL 7282881, at *4 (E.D. Cal. Nov. 18, 2015) (dismissing claims for negligence, assault, battery, and violation of Bane Act for non-compliance with Government Claims Act); *Veramancini v. Cnty. of Orange*, 2025 WL 819558, at *11 (C.D. Cal. Jan. 10, 2025) (same); *Crain v. State of California*, 2025 WL 510368, at *12 (E.D. Cal. Feb. 14, 2025) (holding that plaintiff failed to plead Government Code section 845.6 claim because plaintiff failed to allege facts demonstrating compliance with Government Claims Act), *report and recommendation adopted*, 2025 WL 3771330 (E.D. Cal. Dec. 31, 2025).

In his opposition, Plaintiff requests leave to amend the FAC "to clarify compliance, equitable estoppel, or other applicable doctrines" regarding the claims-presentation requirements of the Government Claims Act. Pl. Opp'n at 8. Plaintiff also submits a request for judicial notice of his claim form submitted to the City. (ECF No. 32.) First, a plaintiff may not amend or supplement his pleading by filing a request for judicial notice. *See Cap. Express Lines, Inc. v. JPMorgan Chase Bank, N.A.*, 2025 WL 43124, at *3 (E.D. Cal. Jan. 7, 2025). Second, as described above, the Court declined Plaintiff's request to take judicial notice because Plaintiff failed to attach the claims form at issue. Finally, even if the Court were to take judicial notice of the fact that Plaintiff submitted a claim to the City of Turlock, Plaintiff's argument would still fail because Plaintiff hasn't pled facts that his submitted claim complied with statutory requirements and the fact that Plaintiff submitted a claim is insufficient to allege compliance. *See Richardson-Bass v. Fresno City Coll.*, 2021 WL 242801, at *5 (E.D. Cal. Jan. 25, 2021) (dismissing claims for failure to comply with Government Claims Act because administrative claim lacked information required under statute as to an amount claimed"); *Mascorro v. Cnty. of San Diego*, 2025 WL 3251602, at *4-5 (S.D. Cal. Nov. 21, 2025) (similarly dismissing claims where administrative claim failed to describe circumstances of claim and plaintiff's injuries as required under statute); *Crain*, 2025 WL 510368, at *12 (similarly dismissing claims where administrative claim only alleged general violation of constitutional rights). Thus, the Court finds that Plaintiff's state-law claims are barred for failure to plead compliance with the Government Claims Act. The Court grants leave to amend so that Plaintiff may, if he can, sufficiently allege facts establishing his compliance. Plaintiff is warned, however, that in addition to the failure to sufficiently plead compliance with the Government Claims Act, plaintiff's state law claims are generally pled in a conclusory fashion and would be subject to dismissal for failure to state a claim even apart from the Government Claims Act defect.

    b.  California Government Code § 845.6

  Plaintiff also brings a claim under California Government Code § 845.6 against

"City of Turlock . . . and responsible employees" for failure to summon immediate medical care, alleging that "Officers knew or had reason to know Plaintiff needed immediate medical care (obvious dental/facial trauma and pain) and failed to take reasonable action to summon such care, triggering liability under § 845.6." FAC ¶ 42. Defendants argue Plaintiff fails to state a claim under section 845.6 because the section applies only to "prisoners" as defined in California Government Code section 844, and Plaintiff fails to allege facts showing he was a prisoner. Defs. Mot. at 13. Plaintiff does not dispute that the FAC fails to allege facts indicating his prisoner status, but instead contends that "officers have a constitutional obligation to provide medical care to arrestees injured during apprehension, independent of any prisoner status." Pl. Opp'n at 7.

"In order to state a claim under [California Government Code] § 845.6, a prisoner must establish three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." *Jett*, 439 F.3d at 1099; *Lawman v. City & Cnty. of San Francisco*, 159 F. Supp. 3d 1130, 1150 (N.D. Cal. 2016). "By its own terms, section 845.6 only applies to prisoners in custody." *Lawman*, 159 F. Supp. 3d at 1150; *see also Von Haar v. City of Mountain View*, 2011 WL 782242, at *6 (N.D. Cal. Mar. 1, 2011) ("§ 845.6 applies only to 'an inmate of a prison, jail, or penal or correctional facility.'") (quoting Cal. Gov't Code § 844 (providing that an arrestee "becomes a prisoner, as a matter of law, upon his or her initial entry into a prison, jail, or penal or correctional facility, pursuant to penal processes")).

Here, Plaintiff's section 845.6 claim fails for three reasons. First, Plaintiff fails to plead necessary compliance with the Government Claims Act, as explained above. Second, Plaintiff fails to allege he was a prisoner as defined under California Government Code section 844, and therefore he lacks standing to bring a claim under section 845.6. "There are no allegations that Plaintiff ever entered into a jail or other correctional facility or that [Plaintiff] underwent booking or any other penal process. Accordingly, Plaintiff was not a prisoner for purposes of the Government Claims Act, and

19

[he] cannot establish liability under § 845.6." *Von Haar*, 2011 WL 782242, at *6. Third, Plaintiff makes conclusory allegations and incorporates all prior allegations into his claim. *See Twombly*, 550 U.S. at 555-57; *Gibson*, 165 F.4th at 1289.

Thus, for the foregoing reasons, Plaintiff has failed to state a claim under California Government Code section 845.6 against Defendants. The Court recommends this claim be dismissed with leave to amend.

### 4.    Punitive Damages

Defendants also argue that Plaintiff fails to allege facts to support punitive damages. Defs. Mot. at 14. However, "[a] Rule 12(b)(6) motion to dismiss for failure to state a claim is not a proper vehicle to challenge a plaintiff's prayer for punitive damages, because Rule 12(b)(6) only countenances dismissal for failure to state a claim." *Elias v. Navasartian*, 2017 WL 1013122, at *4 (E.D. Cal. Feb. 17, 2017) (collecting cases and denying Rule 12(b)(6) motion to dismiss plaintiff's request for punitive damages as to Section 1983 claims), *report and recommendation adopted,* 2017 WL 977793 (E.D. Cal. Mar. 13, 2017). Thus, the Court denies Defendants' motion to the extent Defendants seek to dismiss Plaintiff's request for punitive damages.

### C.    Leave to Amend

Upon dismissal of any claims, the court is to tell a pro se plaintiff of the complaint's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, because it is conceivable that the defects in the FAC can be cured and due to Plaintiff's pro se status, Plaintiff should be given leave to amend. Plaintiff is granted leave to amend his FAC to the extent he can allege facts that sufficiently plead his

20

claims. The allegations of the second amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize his complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff is warned that a formulaic recitation of the elements of a cause of action does not suffice to state a claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57 (2007); Fed. R. Civ. P. 8. To state a claim on which relief may be granted, a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff elects to file a second amended complaint, it should be titled "Second Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. If Plaintiff does not timely file a second amended complaint, this will result in a recommendation that this action be dismissed. **Plaintiff is instructed not to file a Second Amended Complaint until <u>after</u> the district judge issues an order on these findings and recommendations. Any amended complaints filed before the district judge rules on these findings and recommendations will be stricken.**

## IV.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.    Defendant's Request for Judicial Notice (ECF No. 21-2) is DENIED; and

2.    Plaintiff's Request for Judicial Notice (ECF No. 32) is DENIED.

Further, based upon the findings above, it is RECOMMENDED:

1. Defendant's motion to strike and dismiss (ECF No. 21) be GRANTED in part and DENIED in part as follows:

   a. Defendants' motion to strike pursuant to Rule 15(a)(2) be DENIED; and

   b. Defendants' motion to dismiss pursuant to Rule 12(b)(6) be GRANTED.

2. Plaintiff's First Amended Complaint (ECF No. 33) be DISMISSED without prejudice; and

3. Plaintiff be given thirty (30) days from the adoption of these findings and recommendations to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, zepe2439.25.mtd