UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN MIGUEL ZEPEDA,

Plaintiff,

v.

OFFICER GREGORY ROTON, et al.,

Defendants.

Case No. 2:25-cv-02439-TLN-CSK (PS)

ORDER AND FINDINGS AND RECOMMENDATIONS

(ECF No. 41)

Plaintiff Ruben Miguel Zepeda is a county jail inmate proceeding pro se.[1] Pending before the Court are several combined requests by Plaintiff, namely, a "motion to take out 'Officer Amir Aziz' out [sic] of the case altogether" and "a motion for a priliminary [sic] injunction on the Turlock Police Department[] for harassment with these bogus cases & charges that are being brought against [Plaintiff]."[2] (ECF No. 41 at 3.)

The Court construes Plaintiff's "motion to take out 'Officer Amir Aziz'" from the case as a voluntary dismissal of Plaintiff's claims against Defendant Officer A. Aziz. No Defendant has filed an answer or motion for summary judgment in this action. Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), this action is

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

[2] The Court separately addressed Plaintiff's other requests by minute order on October 26, 2026. *See* 10/26/2026 Order (ECF No. 42).

DISMISSED with prejudice as to defendant Officer Aziz only.

Pursuant to Local Rule 230(g), the Court submits Plaintiff's motion for a preliminary injunction upon the record and briefs on file.

## I. LEGAL STANDARDS

Under federal law, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the plaintiff must show (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of a preliminary injunction"; (3) "the balance of equities tips in [their] favor"; and (4) a preliminary injunction "is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20) (referred to as the *Winter* factors).

## II. DISCUSSION

### A. <u>Plaintiff's Motion is Procedurally Deficient</u>

Federal Rule of Civil Procedure 65(a)(1) states that "[t]he court may issue a preliminary injunction only on notice to the adverse party." This Court's Local Rules also set forth certain procedural mandates for a preliminary injunction to issue, including that the movant provide the following documents: "(i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond." E.D. Cal. Local Rule 231(d)(2).

Here, Plaintiff's motion is procedurally deficient. Plaintiff has not submitted a brief addressing relevant legal issues, affidavits in support of his motion, or a proposed order. *See* Docket; E.D. Cal. Local Rule 231(d)(2). Plaintiff's failure to comply with the Local Rules' requirements for preliminary injunction motions is sufficient justification to deny the motion. *See Nible v. Macomber*, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying TRO sought by pro se plaintiff as procedurally deficient); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the

result of a failure to comply with local rules is well within a district court's discretion.”).

B. Likelihood of Success on the Merits

On May 12, 2026, the Court issued Findings and Recommendations recommending that Plaintiff’s First Amended Complaint (ECF No. 33) be dismissed without prejudice. 5/12/2026 Order and Findings and Recommendations (ECF No. 38). On September 23, 2026, the district judge adopted these Findings and Recommendations and dismissed Plaintiff’s First Amended Complaint with leave to amend within 30 days of the Court’s order. 9/23/2026 Order (ECF No. 39). Therefore, because there is presently no operative complaint to this action, Plaintiff fails to demonstrate that he is likely to succeed on the merits of his claims. For this additional reason, Plaintiff’s motion for a preliminary injunction should be denied. *See Mosaic Brands, Inc. v. Ridge Wallet LLC*, 2020 WL 5498070, at *1 (C.D. Cal. July 13, 2020) (denying motion for preliminary injunction where there was no operative complaint).

## III. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Pursuant to Plaintiff's notice of dismissal (ECF No. 41) and Federal Rule of Civil Procedure 41(a)(1)(A)(i), this action is DISMISSED without prejudice as to defendant Officer A. Aziz only; and
2. All previously set deadlines and hearings are VACATED as to defendant Officer A. Aziz only.

Further, based upon the findings above, it is RECOMMENDED that Plaintiff’s motion for a preliminary injunction (ECF No. 41) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned “Objections to Magistrate Judge’s Findings and Recommendations.” Any reply to the objections shall be served on all parties and filed with the Court within 14

days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 27, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, zepe.2439.25